UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAR IVEE STREET,

       Movant,

                                                                 Case No. 1:16-cv-1147

v.

                                                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
_____/

## **O P I N I O N**

This matter comes before the Court on Movant Jamar Ivee Street's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) On November 22, 2016, the Government filed a response in opposition. (ECF No. 5.) For the reasons that follow, Movant's § 2255 motion is denied.

### I.

On June 28, 2011, a grand jury indicted Movant on three counts; first, felon in possession of a firearm, second, possession of a firearm in furtherance of a drug-trafficking crime, and third, possession of cocaine base with intent to distribute. On September 15, 2011, Movant pleaded guilty to the first and third counts in a written plea agreement. The written agreement contained a waiver of appeal and collateral attack, which provides:

> Defendant understands that the law affords Defendant the right to appeal the sentence imposed. Acknowledging this, Defendant knowingly waives the right to appeal his sentence (and the manner in which the sentence was imposed) on

the grounds set forth in Title 18, United States Code, Section 3742. Nevertheless, as a matter of law, Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender. Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the United States Attorney's Office in this Plea Agreement as enumerated in paragraphs 5A and 5B, including the significant benefit conferred upon the Defendant through the promise to dismiss Count 2, a violation of Title 18, Section 924(c), which allows Defendant to avoid being sentenced to mandatory minimum consecutive sentence of five years' imprisonment. Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel). This Agreement does not affect in any way the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

(*United States v. Street*, No. 1:11-cr-194, Plea Agreement, ¶ 9, ECF No. 16, PageID.36.)

On January 13, 2012, the Court sentenced Movant to 120 months on Count 1, and a reduced sentence of 12 months on Count 3, to run consecutively, for a total sentence of 132 months. There were no objections to the sentence, and the Court informed Movant of his limited right to appeal and collaterally attack his sentence based on the terms of his plea agreement. Movant appealed his conviction and sentence to the Sixth Circuit Court of Appeals. On August 12, 2012, the Sixth Circuit denied Movant's appeal. (*United States v. Street*, No. 1:11-cr-194, USCA Order, ECF No. 26, PageID.95.) The court found that Movant waived his right to appeal his sentence, and that his appeal was without merit. (*Id.*, PageID.96.) Movant did not file a petition for certiorari.

On November 23, 2013, Movant filed a "motion for appropriate relief," arguing that the Court erroneously sentenced Movant on Counts 1 and 2, rather than Counts 1 and 3. (*United*

*States v. Street*, No. 1:11-cr-194, ECF No. 30, PageID.106.)  He also argued that the sentences for each count should have run concurrently, rather than consecutively.  (*Id.* at PageID.105.)  The Court denied the motion, finding Movant's claim were without merit because the Court properly sentenced him on Counts 1 and 3.  (*United States v. Street*, No. 1:11-cr-194, ECF No. 40, PageID.141.)  On November 14, 2014, Movant filed a pro se motion for reduction of sentence under Guideline Amendment 782.  The Court denied that motion because Movant was sentenced under the career-offender guidelines, which were not affected by the amendment.  (*United States v. Street*, No. 1:11-cr-194, ECF No. 38, PageID.137.)  On September 19, 2016, Movant filed this motion to vacation, set aside, or correct his sentence under § 2255.  (ECF No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'"  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual

prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

**A. Collateral Attack Waiver**

Movant waived his right to collaterally attack his sentence. Movant's plea agreement expressly provides that:

> Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the production of ineffective assistance of counsel).

(*United States v. Street*, No. 1:11-cr-194, Plea Agreement, ¶ 9, ECF No. 16, PageID.36.) The Sixth Circuit has upheld waivers of appeal and waivers of collateral attack. *See United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (upholding waivers of appeal); *In re Acosta*, 480 F.3d 421, 423 (6th Cir. 2007) (upholding collateral-attack waiver to preclude defendant's § 2255 motion). Here, the Sixth Circuit found that the Court properly confirmed Movant's understanding of the plea agreement, including the waiver of his appellate rights. (*United States v. Street*, No. 1:11-cr-194, ECF No. 26, PageID.96.) This finding applies equally to Movant's waiver of collateral attack. Both waivers were included in the same paragraph of the plea

4

agreement, and the Court confirmed Movant's understanding of each during Movant's change of plea hearing. (*United States v. Street*, No. 1:11-cr-194, Change of Plea Hr'g Tr., ECF No. 24, PageID.65.) Therefore, Movant validly waived his right to collaterally attack his sentence. Further, Movant does not allege that his waiver was involuntary or the product of ineffective assistance of counsel. Thus, because of this wavier, Movant is barred from collaterally attacking his sentence.

### B. Timeliness

In addition to Movant's § 2255 petition being barred by his plea-agreement waiver, it is also untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a § 2255 motion must be filed within one year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Movant appealed his sentence, but did not file a petition for certiorari. Therefore, his conviction became final when the time for filing a petition for certiorari expired, which was 90 days after the Sixth Circuit's order. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). The Sixth Circuit denied Movant's appeal on August 9, 2012, so his conviction became final 90 days later, on November 7, 2012. Thus, Movant had one year to file his § 2255 motion, or until November 7, 2013. Movant did not file his § 2255 motion until September 19, 2016, nearly three years after his conviction became final.

Movant argues that his motion is timely because it was filed within one year of the "date on which the facts supporting the claim presented could have been discovered through the

5

exercise of due diligence." 28 U.S.C. § 2255(f)(4).  Movant argues that he believed that he could not file an appeal based on an appeal waiver in his plea agreement.  He asserts that he "just found this information out and found out that he could appeal" and that he "did not know the law." (ECF No. 1, PageID.4.)  He further contends that he "believed he could not appeal and had no reason to look for any issue to appeal until, he was informed on July 1, 2016, from a jail house attorney that the probation Department had made a mistake and he was not suppose (sic) to be sentenced as a career offender[.]" (*Id.*)  Yet Movant filed a direct appeal back in 2012, long before he talked with this jail-house attorney in 2016.  Moreover, Movant's § 2255 motion does not contain any new facts.  Rather, Movant alleges a new legal theory.  But § 2255(f)(4) applies only to the discovery of new facts, not to new legal theories.  *Taylor v. United States*, 518 F. App'x 348, 349-50 (6th Cir. 2013) (holding that "discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)").  Thus, his motion is time-barred under § 2255(f)(1) and (f)(4).

Likewise, Movant has not shown that he is entitled to equitable tolling under *Holland v. Florida*, 560 U.S. 631, 349 (2010).  A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) an extraordinary circumstance stood in his way to prevent the timely filing.  *Id.*  Movant has not shown an extraordinary circumstance.  Rather, he claims that he spoke with a jailhouse attorney who informed him that he could file an appeal of his sentence.  Further, his legal argument could have been discovered by the exercise of due diligence any time after his plea agreement.  Therefore, Movant has not shown a basis for equitable tolling.  Similarly, Movant has not alleged that he is actually

innocent. Nor has he shown by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him guilty as required by *Schlup v. Delo*, 513 U.S. 298, 301 (1995). Thus, Movant has not shown that he is actually innocent in order to bypass procedural default.

### IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied because it is barred by waiver and is untimely. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed Movant's claim on waiver and statute-of-limitations grounds. "Where a plain procedural bar

is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  Therefore, the Court denies Movant a certificate of appealability.

      A judgment and order will enter in accordance with this opinion.


Dated: <u>December 20, 2016</u>　　　　　　　　　　/s/ Robert Holmes Bell　　　　　　
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE